**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Bradley D. Wolfe,**

      **Plaintiff,**

**v.**                                                                               **Case No. 09-2615-JWL**

**Ford Motor Company,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed a pro se complaint against defendant asserting claims arising out of his employment with defendant. Specifically, plaintiff asserts that defendant discriminated against him on the basis of one or more disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and asserts that defendant retaliated against him for engaging in whistleblower activities. Defendant moves to dismiss all claims. As explained below, the motion is granted in part and denied in part.

*Disability Claims*

In its motion to dismiss, defendant asserts that plaintiff's disability discrimination claim is based "only on his dyslexia" despite the fact that plaintiff alleges in an attachment to his complaint that he also suffers from chronic knee pain–a condition that defendant reiterates is "not at issue in the current action." Before resolving defendant's motion to dismiss, then, the court must construe the specific claims set forth in plaintiff's complaint. Plaintiff's pro se form complaint indicates that he is alleging discrimination on the basis of his disability, which he

identifies in the form complaint as dyslexia. However, in a two-page attachment to his complaint, plaintiff sets forth specific allegations in much more detail and, in that attachment, plaintiff describes his "chronic knee pain" and specifically alleges that he has been discriminated against on the basis of both his dyslexia and his chronic knee pain. This attachment is considered part of plaintiff's complaint. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss). Defendant's effort, then, to limit plaintiff's disability discrimination claim to allegations concerning plaintiff's dyslexia is not persuasive and the court will consider allegations concerning both purported disabilities in resolving the motion to dismiss.

According to defendant, plaintiff's dyslexia-related discrimination claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff has not alleged whether or how his dyslexia substantially limits a major life activity. Defendant also urges that dismissal is required because plaintiff has not alleged that defendant discriminated against him in any way as a result of his dyslexia. The court is not persuaded by defendant's first argument. Plaintiff alleges that defendant's human resources manager advised plaintiff's coworkers that plaintiff has dyslexia and cannot read. A fair reading of plaintiff's complaint, then, reflects that plaintiff's dyslexia substantially limits his ability to read. *See* 42 U.S.C. § 12102(2)(A) (major life activities include reading). Nonetheless, defendant is correct that plaintiff's complaint is devoid of any allegations that defendant took any action as a result of plaintiff's dyslexia that would rise to the level of a violation of the Americans with Disabilities Act. Indeed, in his

detailed two-page attachment, the only specific reference to plaintiff's dyslexia concerns plaintiff's allegation that the human resources manager advised plaintiff's coworkers about his condition. This isolated comment is not sufficient to state a claim under the ADA. Moreover, there is no suggestion in plaintiff's complaint that his particular job required reading or any other skill that might necessitate an accommodation in light of plaintiff's dyslexia. Stated another way, even a liberal reading of plaintiff's complaint reveals no relationship between plaintiff's dyslexia and any of the events described in his complaint. Defendant's motion to dismiss this claim, then, is granted but the court, in an abundance of caution, will permit plaintiff an opportunity to amend his complaint no later than March 12, 2010 to allege any relationship between plaintiff's dyslexia and any actions taken by defendant. If plaintiff does not file an amended complaint by that date, then the claim will be dismissed with prejudice. If plaintiff does file an amended complaint and defendant, after the amendment, believes that plaintiff has nonetheless failed to state a claim under the ADA, defendant may filed a renewed motion to dismiss.[1]

By way of a footnote, defendant also states that a "similar analysis would apply" to any disability claim based on plaintiff's purported chronic knee pain. This argument is rejected.

---

[1] Defendant also moves to dismiss plaintiff's dyslexia-related disability discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that plaintiff filed his charge of discrimination more than 300 days after the date that the human resources manager made a comment about plaintiff's dyslexia. Because the court is permitting plaintiff an opportunity to amend his complaint concerning this claim and any amendment would potentially affect the 300-day analysis, defendant should raise this issue in a renewed motion to dismiss if appropriate.

Plaintiff's complaint, including the two-page attachment, clearly contains allegations that plaintiff's chronic knee pain substantially limits his ability to work. *See id.* (major life activities including working). The complaint also contains allegations that defendant failed to accommodate plaintiff's knee condition by refusing to reassign plaintiff to a position within his restrictions and, instead, placing him on "no work available" status. Thus, plaintiff's disability discrimination claim related to his alleged chronic knee pain is sufficient to survive defendant's 12(b)(6) motion.[2]

*Whistleblower Claim*

Finally, defendant moves to dismiss plaintiff's state law whistleblower claim.[3] By way of background, plaintiff alleges in his complaint that in December 2005 he called defendant's corporate fraud hotline to report that the facility's human resources manager was manipulating the facility's payroll in violation of company policy. Liberally construing plaintiff's complaint, he further alleges that defendant thereafter retaliated against him for making the report by generally harassing him, denying him FMLA leave, violating his rights under the workers' compensation laws, announcing to his coworkers that he has dyslexia and cannot read, refusing

---

[2]Defendant does not suggest that plaintiff's disability claim concerning his chronic knee pain is subject to dismissal under Rule 12(b)(1).

[3]Defendant refers to this claim only as plaintiff's "retaliation claim" and contends that plaintiff provides no statutory or other legal basis for the claim. In the two-page attachment to his complaint, however, plaintiff expressly states his intent to pursue a claim under Kansas law "for engaging in whistleblower activity."

4

to train him for his position, reassigning him to a different position and ultimately placing him on "no work available" status in August 2008.

Kansas courts have recognized a cause of action for retaliatory discharge and retaliatory demotion arising out of an employee's whistleblower activity. *See Palmer v. Brown*, 242 Kan. 893 (1988) (recognizing cause of action for termination for the good faith reporting of serious infractions of rules, regulations or the law pertaining to public health, safety and welfare); *Brigham v. Dillon Cos.*, 262 Kan. 12, 20 (1997) (retaliatory demotion "is a necessary and logical extension" of retaliatory discharge). Kansas courts, however, have not extended retaliatory discharge and demotion actions based on whistleblower activity to actions–like the vast majority of those identified by plaintiff in his complaint–that do not involve a material change in employment status. For this reason, the court grants defendant's motion to dismiss plaintiff's whistleblower claim to the extent it is based on allegedly retaliatory actions that had no bearing on plaintiff's employment status, including general harassment of plaintiff, the denial of FMLA leave, the violation of plaintiff's rights under the workers' compensation laws, the discussion of plaintiff's disability with his coworkers, the refusal to train him for his position and the reassignment of plaintiff to a different position.

The only potentially viable basis for plaintiff's whistleblower claim concerns plaintiff's allegation that he was placed on "no work available" status in August 2008 and his suggestion (again, liberally construing his complaint as the court must) that there were positions available within his restrictions and skill-level but his supervisors refused to place him in one of those positions in retaliation for his prior whistleblower activity. Because the complaint does not

5

contain sufficient allegations to ascertain whether "no work available" status constitutes a material change in plaintiff's employment status, and because the complaint does not reflect any connection between plaintiff's report of fraud and his placement on "no work available" status, the court grants defendant's motion to dismiss this claim subject to amendment by plaintiff. That is, the court will permit plaintiff to amend his complaint no later than March 12, 2010 to explain the nature and extent of his "no work available" status and to allege facts that tend to show a connection between his report of fraud in December 2005 and defendant's decision in August 2008 to place him on "no work available" status. If plaintiff does not file an amended complaint by this date, then this claim will be dismissed with prejudice. If plaintiff files an amended complaint and defendant, after the amendment, believes that plaintiff has nonetheless failed to state a claim under Kansas law, then defendant may file a renewed motion to dismiss the claim.[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss is granted in part and denied in part. Plaintiff may file an amended complaint, limited to those issues specifically discussed herein, no later than Friday, March 12, 2010. If plaintiff

---

[4]In its motion, defendant also asserts that plaintiff's whistleblower claim is barred by the statute of limitations because plaintiff admits that he learned of defendant's efforts to retaliate against him for his whistleblower activity in July 2006–more than two years before he filed this lawsuit. The court is not persuaded. According to the allegations in plaintiff's complaint, the only arguably actionable conduct taken by defendant for purposes of plaintiff's state law claim occurred in August 2008. Plaintiff's complaint, then, was timely filed.

6

does not file an amended complaint by that date, his dyslexia-related disability claim and his state law whistleblower claim will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 16th day of February, 2010, at Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge